### 8640

### STATE v. WADE.

1. FORNICATION—EVIDENCE.—THE CONFESSIONS of one indicted with another for fornication is not evidence against the other.

2. IBID.—INDICTMENT—SEVERANCE.—Under a joint indictment against two persons for fornication, a severance in the trial and the verdict may be had.

Before DeVORE, J., Greenville, September term, 1912. Reversed.

Indictment against B. G. Wade and Meta Wade for fornication. Defendants appeal.

*Mr. J. R. Martin* and *John C. Henry,* for appellants, cite: *Confessions inadmissible:* 27 S. C. 27; 1 Strob. 156; 3 Ency. 343; 13 S. C. 395; 5 Rich. 399; 15 S. C. 545. *Confession of one not admissible against the other:* 1 Cyc. 960; 15 S. C. 540; 39 S. C. 57. *One may be convicted:* 30 S. C. 85; 49 Am. St. R. 208; 109 N. C. 764; 1 Cyc. 958; 41 Am. R. 248, 321.

*Solicitor Proctor A. Bonham,* contra.

August 26, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The appellants were tried, in their absence, for fornication. With the exception of certain admissions of the defendant, Meta Wade, proved by the deputy sheriff who executed the warrant of arrest, the evidence was wholly circumstantial. Stated most strongly against the defendants, the substance of it was that B. G. Wade was a widower, whose family consisted of a son and two daughters. At the time of the trial, the son was nineteen, and the daughters were thirteen and fourteen years old, respectively. He had also an older son, who was the husband of the defendant, Meta. Some years ago,—possibly from three to five, though the testimony does not disclose the date, even approximately,—Meta and her husband moved into the home of B. G. Wade, and lived with him, as members of his family. Sometime after that (another period not fixed by the evidence), Meta's husband died, and she continued to live in the house of her father-in-law, as a member of his family. After the death of her husband, she gave birth to two children. One died shortly after its birth. The other was about two years old at the time of the trial. Meta's statement to the deputy sheriff was to the effect that, for several years, she had been wanting to leave B. G. Wade, and go back to her father's, but that she could not do so, because he would not let her go, and that if he (the officer) would keep Wade off her, until she could get away, she would leave him and go to her father's. She admitted that she had slept in the bed with her codefendant, and said she knew the officer had a warrant for them for living in adultery. She showed him a bleeding cancer on her breast, and told him that Wade had come home drunk, and beat her nearly to death, and stamped her in the breast.

The Court instructed the jury that, if they could not come to any other reasonable conclusion, from the facts and circumstances in evidence, than that the defendants were guilty, they would be justified in so finding; but that, if they could just as reasonably conclude that they were innocent as that they were guilty, they would not be warranted in convicting them; that they were entitled to the benefit of every reasonable doubt; that the admission of Meta could not be considered as evidence against B. G. Wade; and that they must acquit or convict both,—that, under the indictment, they could not acquit one and convict the other.

It appears clearly that there was no competent evidence to support the conviction of B. G. Wade. Meta's admission cannot be taken against him. The other facts and circumstances are not inconsistent with his innocence. In other words, all of them may be true, and still he may be innocent. Therefore, they do not come up to the standard required by the law to warrant a conviction, which is that they must point so conclusively to guilt as to exclude every other reasonable hypothesis. Therefore, the Court erred in refusing to set aside the verdict.

The Court erred also in charging that, under the indictment, one of the defendants could not be acquitted and the other convicted. If that ruling was based upon the reasoning that because the indictment charged the defendants jointly, only a joint verdict could be found, it was erroneous; because, while the indictment was joint in form, in legal effect, it was joint and several.

Nor does the nature of the offense forbid a severance either in the trial of the parties charged, or in the verdict, when they are jointly tried. While it is true that it takes two to commit the crime, as it also does the crime of adultery, so far as the physical act is concerned, it does not necessarily follow that both engage in it with criminal intent. One may be insane, or may participate in the act on account of force, fear or fraud. In such a case, the law would

neither allow the guilty party to escape nor would it punish the innocent one. If B. G. Wade compelled Meta to submit to him through force or fear, she should be pitied and protected rather than condemned and punished. Again, it may happen on the trial of such a charge that, though both the defendants may be guilty, there may be no evidence at all against one, while there may be ample evidence by admission or confession against the other. This question was involved in *State* v. *Carroll,* 30 S. C. 90, 8 S. E. 433, where it was decided contrary to the instructions given in this case. See, also, *State* v. *Cutshell,* 109 N. C. 764, 26 Am. St. Rep. 599.

The other grounds are overruled.

Reversed.