10207

STATE v. EVANS *ET AL.*

(99 S. E. 751.)

1. CRIMINAL LAW—JOINDER OF INDICTMENTS.—Where defendants were indicted for the murder of two persons, a motion to join the indictments, on the ground that they arose out of one and the same difficulty, is addressed to the discretion of the trial Judge.

2. JURY—CHALLENGE—DISQUALIFICATION.—In a prosecution for murder, the action of the trial Judge in having one called as a juror stand aside on *voir dire* examination at the motion of the State, because he had made an affidavit in *habeas corpus* proceedings testifying to the good reputation of two of the defendants for industry, peace, and quiet, although the juror disclaimed bias and stated he could give both parties a fair trial, was not an abuse of discretion.

3. HOMICIDE — EVIDENCE — DETAILS OF PREVIOUS DIFFICULTY.—In a homicide case, evidence of a previous difficulty, between defendants and one of those killed, is competent to show only the malice of the parties and who was probably the aggressor; but the general details of the difficulty should not be admitted.

4. CRIMINAL LAW—INSTRUCTION—REQUEST.—An exception assigning error on the failure to charge cannot be considered, for it is the duty of the defendant to present a request to charge as desired if desiring to make the refusal basis of an exception.

Before DEVORE, J., Lancaster, Fall term, 1917. Reversed.

Walter Evans and others were convicted of murder, and they appeal.

*Messrs. Williams & Williams & Stewart* and *C. N. Sapp,* for appellants, submit: *Where two or more persons are killed by one and the same act under one and the same impulse, only one crime is committed; and the slayer cannot be held to answer under more than one charge, but the indictment may charge the killing of two or more persons by the same act under one count:* 10 Ency. P. &. P. 155; 42 Ind. 420; 7 Cold. (Tenn.) 508; 10 Enc. P. & P. 155 (footnote 5.) *The State has no right to stand aside a juror:* Code of Laws, vol. III (1912), p. 236, paragraph 82. *The character of a defendant cannot be impeached or attacked by the*

*State unless he puts his character in issue, either by becoming a witness in his own behalf or by offering evidence in support of his character:* 5 A. & E. Enc. of Law 855; 34 S. C. 18. *Evidence as to a previous difficulty is competent only to show the animus of the parties, but the general details, particulars and merits of the previous troubles are not admissible:* 68 S. C. 421; 12 Rich. 430, 442; 21 A. & E. Ency. of Law 219; 94 S. C. 33; 74 S. C. 140. *Even if appellants' counsel were remiss in any particular in not having incompetent, prejudicial testimony excluded, the State will not be allowed to hold the verdict:* 92 S. C. 236.

*Solicitor J. K. Henry* and *Messrs. John T. Green* and *T. F. McDow,* for State, respondent. *Mr. Thos. F. McDow* submits: *There was no error in refusing to join the two indictments:* 22 Cyc., p. 373. *No error in standing aside the juror, Jas. A. Cauthen:* 65 S. C. 244. *The relevancy of testimony is largely in the discretion of the trial Judge, and it must be a very clear case of error to warrant interference on appeal:* 54 S. C. 314. *The evidence as to former difficulty between the parties was admissible to show the animus probably existing between them at the time of the homicide:* 33 S. C. 137; 32 S. C. 392; 79 S. C. 144; 68 S. C. 475; 78 S. C. 90; 43 S. C. 62; 71 S. C. 140; 17 Richardson 430-442.

June 23, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendants were indicted for the murder of Sidney Bailey. They were also indicted for the murder of Edgar Bailey. Before they were arraigned, their attorneys made a motion to join the indictments, on the ground that they arose out of one and the same difficulty, and that the deaths of Edgar Bailey and Sidney Bailey were the result of one and the same impulse. The motion was overruled, and this presents the first assignment of error.

It is only necessary to cite the following cases to show that such motions are addressed to the discretion of the presiding Judge: *State v. Carroll*, 30 S. C. 85, 8 S. E. 433, 14 Am. St. Rep. 883; *State v. Wade*, 95 S. C. 387, 79 S. E. 106; *State v. Brown*, 108 S. C. 490, 95 S. E. 61.

The second exception was as follows: "Because his Honor erred in standing aside, on motion of the State, juror, James A. Cauthen, on the ground that he had made an affidavit at the *habeas corpus* proceedings in the case, testifying to the good reputation of two of the defendants for industry, peace, and quiet; whereas, said juror, on his *voir dire,* disclaimed any bias for or against the defendants or the prosecution, and stated that he could give both the State and the defendants a fair trial."

The ruling of his Honor, the presiding Judge, thus appears in the record:

"The Court: I would say offhand, without any authority, that that would not disqualify a juror, because he made the affidavit of the good character of these parties.

"Mr. Solicitor Henry: I think a man who makes an affidavit volunteers to become a witness, shows he is more or less partisan of one side against the other. If I volunteer to make an affidavit in the case, I am taking certainly a partisan interest in it. I wouldn't be said to be unbiased when I have shown that much interest in it.

"The Court: Well, gentlemen, we all want a fair, square trial of this case, and out of abundance of precaution I think I will let him stand aside."

The appellants' attorneys have failed to satisfy this Court that his Honor, the presiding Judge, erroneously exercised his discretion.

The third assignment of error is as follows: "Because his Honor erred in admitting, over defendants' repeated

objections, the testimony of witnesses, W. J. Bailey, M. T. Addison, Amos Bird, and Vernon Sowell, as to the causes and details of a former difficulty between the defendants, Ernest Evans and Edgar Bailey and his brothers, which occurred about 40 days prior to the killing of Sidney Bailey; whereas, he should have limited said testimony to facts showing only that there had been a previous difficulty between the parties such as would induce motive or provoke malice with relation to the crime charged."

His Honor, the presiding Judge, not only permitted the State to introduce testimony for the purpose of showing the mental attitude of the parties towards each other, but also for the purpose of showing who was responsible for bringing on the second difficulty, which resulted in the death of Sidney Bailey and Edgar Bailey.

The rule in such cases is thus stated in *State v. Adams*, 68 S. C. 421, 47 S. E. 676:

"The evidence as to the previous difficulty was competent only to show the animus of the parties, and thus aid the jury in reaching a conclusion as to who was probably the aggressor, and what demeanor each party had reason to expect from the other when they met and the fatal difficulty occurred. The general details of the previous trouble were properly excluded."

The ruling of his Honor, the Circuit Judge, was, therefore, erroneous, and this exception is sustained.

The fourth exception merely assigns error on the part of the presiding Judge in failing to charge as therein set forth. It was the duty of the appellants' attorneys to present a request to that effect if they desired to make it the basis of an exception.

Reversed and remanded for a new trial.