## 11282

### STATE v. WILLIAMS

### (118 S. E., 783)

1. CRIMINAL LAW—TESTIMONY OF PHYSICIAN HELD HEARSAY AND PROPERLY EXCLUDED.—In a prosecution for murder, testimony by a doctor that another witness had called at his residence in his absence and left a call for professional services, *held* hearsay, incompetent, and properly excluded.

2. HOMICIDE—TESTIMONY AS TO HABIT OF DECEASED TO CARRY HIS GUN HELD SUCH AS SHOULD HAVE BEEN OMITTED.—In a prosecution for murder, where the defense was self-defense, *held,* that testimony that deceased and some of his family were in the habit of carrying their guns with them wherever they went, and carrying them unbreached, should have been omitted.

3. HOMICIDE—TESTIMONY AS TO PURPOSE OF DECEASED COMING TO TOWN HELD HEARSAY AND INCOMPETENT.—In a prosecution for murder, which took place on a public street, testimony that deceased, in the absence of accused, had told the witness that he had come to town to have some papers drawn, *held* hearsay and incompetent.

4. HOMICIDE—DETAILS OF DIFFICULTY EXISTING BETWEEN DECEASED AND ACCUSED HELD INADMISSIBLE.—In a prosecution for murder, where the fact of a previous difficulty between deceased and accused was established, *held,* that testimony as to the details of such difficulty were inadmissible.

5. HOMICIDE—TESTIMONY BY ACCUSED OF THREATS MADE BY DECEASED ON MORNING OF HOMICIDE HELD IMPROPERLY EXCLUDED.—In a prosecution for murder, where the defense was self-defense, testimony by accused as to threats made by deceased on the morning of the homicide, and communicated to him by another who was in the Courtroom, *held* improperly excluded.

6. CRIMINAL LAW—LIMITING EVIDENCE OF BAD CHARACTER OF DECEASED TO PLEA OF SELF-DEFENSE HELD NOT ERROR.—In a prosecution for murder, where the defense was self-defense, *held* that the Court did not err in limiting the evidence of bad character of deceased to the plea of self-defense, since that plea constituted defendant's whole case.

NOTE: On evidence of antecedent threats on trial for homicide, see note in 3 L. R. A. (N. S.), 523.

On necessity of instructing, on trial for homicide, on rule as to standing ground when in the right, see note in 2 L. R. A. (N. S.), 73.

7. HOMICIDE—INSTRUCTION AS TO ACCUSED'S DUTY TO AVOID DECEASED
HELD ERRONEOUS.—In a prosecution for murder, where the defense
was self-defense, and it was shown that there had been some diffi-
culty between deceased and accused, an instruction: "While it is
the law that a man has the right to go about the ordinary business
of his life, even when threatened by another party, yet, if he can
reasonably avoid meeting with his adversary and of taking human
life, the law requires him to do so. He would have no right to
place himself in a position where he knew that his adversary would
come, and there shoot him down, and claim that it was in self-
defense"—*held,* erroneous.

Before S. McG. SIMKINS, SPECIAL JUDGE, Aiken, Octo-
ber, 1922. Reversed and new trial ordered.

G. T. Williams was convicted of murder, with recom-
mendation to mercy and he appeals.

*Messrs. J. B. Salley, George Bell Timmerman* and *John F.
Williams,* for appellant, cite: *Corroborative testimony as to
movements of witness competent:* 68 S. C., 308. *Custom
of deceased in carrying guns inadmissible:* 10 R. C. L. Sec.
127, p. 955; Ann. Cas., 1913-D 1250; 53 S. C., 307. *Facts
not connected with actual killing are not admissible:* 1 R.
C. L., 535. *Defendant can testify to communicated threats:*
115 S. E., 305; 103 S. C., 379. *Charge on manslaughter
erroneous:* 104 S. C., 251; 33 S. C., 133. *Character of
deceased pertinent on whole case:* 25 S. C., 175; 12 Rich.
L., 430; 29 S. C., 34; 35 A. L. R., 202; 70 A. S. R., 719.
*Right to plea of self defense where defendant went where he
knew deceased would be:* 103 S. C., 136; 34 S. C., 40; 13
R. C. L., 828; 155 U. S., 278; 153 U. S., 191; 72 S. C.,
104. *Presumption of innocence:* 8 A. L. R., 1044; 238
Fed., 506; 156 U. S., 459; 113 S. E., 305; 16 C. J., Secs.
1007-1008; 14 R. C. L., 777. *Uncommunicated threats
admissible:* 43 S. C., 60. *Charge on facts:* 63 S. C., 289;
47 S. C., 513; 51 S. C., 459.

*Mr. R. L. Gunter, Solicitor,* for the State, cites: *Rele-
vancy and admissibility of testimony in discretion of Court:*
65 S. C., 1; 35 S. C., 537; 75 S. C., 264; 85 S. C., 273.

*Charge on malice correct:* Crim. Code, 1912, Sec., 135; 79 S. C., 224; 2 Bish. New Crim. Law., Sec. 677. *Manslaughter:* 66 S. C., 469; 39 S. C., 161; 72 S. C., 223. *More specific charge should have been requested:* 83 S. C., 38; 72 S. C., 424; 83 S. C.. 251. *Charge must be construed as a whole:* 73 S. C., 364; 75 S. C., 409; 87 S. C., 532. *State's requests to charge sustained by:* 24 S. C., 283; 73 S. C., 257; 28 S. C., 29; 73 S. C., 277; 35 S. C., 283; 43 S. C., 127; 32 S. C., 43; 35 S. C., 197; 113 S. C., 136; 72 S. C., 223; 72 S. C., 257; 90 S. C., 290.

July 26, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was tried and convicted of murder, with recommendation to mercy, for the killing of Willie Rawls, on the streets of Wagener, on the 9th day of August, 1922. The appellant and Rawls had a previous difficulty, and Rawls had threatened to kill the appellant. There was testimony to show that Rawls had made threats that very morning, and these threats were communicated to the appellant. There was testimony to show that the appellant was standing in the street by the side of an automobile when he saw Rawls coming. The appellant says that Rawls had his gun on his right arm, and he saw Rawls make a motion towards his gun with his left hand, as though preparing to use the gun, and he took his own gun from his automobile and shot him twice, and from these wounds Rawls died. There are twenty exceptions, but they need not be considered separately.

I. The first allegation of error is that Dr. Webb was not allowed to state that Henry Martin, another witness, had called at his residence in the doctor's absence and left a call for his professional services. This was clearly hearsay and incompetent. This assignment of error cannot be sustained.

II. The next assignment of error is that witnesses were allowed to state that it was the habit of Rawls and some of his family to carry their guns with them wherever they went, and carry them unbreached. It is difficult to see how this was prejudicial to the defendant. The purpose of it was clearly to show that the possession of an unloaded, unbreached gun was no indication of an immediate purpose to use the gun. It was a two-edged sword, and should have been omitted.

III. A witness, H. B. Garvin, was allowed to testify that the deceased told him that he had come to Wagener to have some papers drawn. The appellant was not present, and it was merely hearsay, and incompetent. This exception is sustained.

IV. Evidence was allowed, over objection, as to the origin of the difficulty. The fact that there had been a previous difficulty was proper, the details were inadmissible, and their introduction error.

V. The appellant, when on the stand, attempted to tell of a threat made on the morning of the homicide, communicated to him by Mr. Busbee, who was in the courtroom. The Court ruled out the statement, on the ground that the testimony of Mr. Busbee who heard the threat was the best evidence. That would have been true, if the question had been as to what threat had actually been made, but it was not. The question was upon what information did the slayer act, and as to that question the appellant was a competent witness.

The seventh exception has been covered. The eighth and ninth exceptions were rather unusual expressions, that are not likely to be met again, and need not be discussed, as a new trial will be ordered.

VI. The next question is, did his Honor err in limiting the evidence of bad character of the deceased to the plea of self-defense? It is difficult to see how this could have been prejudicial error, if error at all. The

appellant admitted the killing, and his whole case depended upon self-defense. The bad character of the deceased, therefore, covered the appellant's whole case.

VII. The next assignment of error is that his Honor's charge omitted the right to act on appearances. That was charged before and after the expression quoted.

VIII. The next assignment of error is in the following charge:

"While it is the law that a man has the right to go about the ordinary business of his life, even when threatened by another party, yet, if he can reasonably avoid meeting with his adversary and of taking human life, the law requires him to do so. He would have no right to place himself in a position where he knew that his adversary would come, and there shoot him down, and claim that it was done in self-defense."

This was error. If this was the law, a man might have no right to go to his home or his place of business if his assailant were there.

The other exceptions are covered by what has been said.

The judgment is reversed, and a new trial ordered.

Mr. CHIEF JUSTICE GARY did not participate.