### STATE v. KLUGH

#### (125 S. E., 922)

1. INTOXICATING LIQUORS—EVIDENCE HELD INSUFFICIENT FOR JURY IN PROSECUTION FOR MANUFACTURE OF WHISKEY.—In prosecution for manufacturing whiskey, evidence that one of the three men who ran from still on approach of officers was not "much different in size" from defendant, and that coat which defendant admitted at one time had belonged to him was found near still, *held* insufficient for submission of case to jury.

2. CRIMINAL LAW—SUPREME COURT MAY REMAND CASE EITHER FOR DIRECTION OF VERDICT OR FOR NEW TRIAL IN REVERSING ORDER REFUSING TO DIRECT VERDICT.—Where lower Court erred in refusing to direct a verdict, the Supreme Court, under rules Supreme Court No. 27, may, in its discretion, either remand the case for such direction or for new trial, and in the case of palpable defect in the State's case, in the interest of administration of justice, the remand for a new trial is to be preferred.

Before JOHNSON, J., Greenwood, May, 1923. Reversed and remanded with directions.

J. D. Klugh was convicted in the County Court of manufacturing whiskey and on appeal to the Circuit Court, this conviction was affirmed, and he appeals.

*Mr. Lloyd B. Harrison,* for appellant, cites: *Continuance:* Rule 27; 113 S. C., 91; 77 S. E., 1079; 6 R. C. L., 557-9. *Right to trial by unprejudiced jury:* 16 R. C. L., 212-4; 54 S. C., 127; 11 S. C., 319; 112 S. C., 95; 26 S. C., 198; 114 S. C., 151; 115 S. E., 748; 41 S. C., 531; 54 S. C., 150; 89 S. C., 244; Clark's Crim. Pro. (2d Ed.), 526-7; 24 Cyc., 346; 159 S. C. L., 113. *Evidence sufficient to sustain directed verdict:* 95 S. C., 387; 107 S. E., 906; 109 S. E., 119; 118 S. C., 496; 123 S. C., 486. *Jury trial in inferior courts:* Art. 5, Sec. 22, Constitution 1895. *Burden of proof:* 8 R. C. L., 226; 78 S. E., 472; 83 S. E., 154; 82 S. E., 356. *Circumstances relied upon must exclude every reasonable doubt:* 8 R. C. L., 224; 70 S. C., 430;

59 S. C., 229; 98 S. C., 297. *Jury box:* Code, 1922, Vol. 1, Sec. 549. *Petit jurors:* Code, 1922, Sec. 550; 24 Cyc., 212; 109 U. S., 65; 238 Fed., 508; 224 Fed., 554; 20 U. S., 659; Code, 1922, Sec. 551, 562. *Irregularity in venire facias:* Code, 1882, Vol. 1, Sec. 580, 83 S. C., 215. *Unlawful panel:* 80 S. C., 373; 77 S. C., 248; 93 S. C., 770; 68 S. C., 318. *Disqualification of Sheriff:* 16 R. C. L., 233-4; 11 S. E., 665. *Affidavit will not be considered where it was not filed with lower court:* 80 N. E., 578; 153 Pac., 550; 165 S. W., 801.

*Messrs. H. S. Blackwell, Solicitor,* and *Marshall F. Sanders, County Solicitor,* for the State, cite: *Rules governing inferior courts:* Civil Code, 1922, Sec. 144, 147, 669, 119; 73 S. C., 292. *Consideration of affidavit:* Sup. Ct., Rule 5, Sec. 8, 3. *Continuance on ground of absence of material witness:* 3 Brev., 304. *Witnesses:* 6 R. C. L., 561, Sec. 19; 13 C. J., 158-60; Sec. 76, Note 61; 117 S. E., 303; 66 S. C., 449; 13 C. J., 162; Sec. 83; 6 R. C. L., 569, Sec. 31. *Refusal of motion to continue, not appealable:* 16 S. C., 453; 1 Bail., 542. *Continuance within discretion of trial Judge:* 66 S. C., 402; 117 S. E., 13; 113 S. C., 453; 9 Rich., 454; 4 Strob., 61; 19 S. C., 60; 13 C. J., 123, Note 13; Code, 1922, Sec. 579. *Prejudicial conduct of juror must be objected to at that time:* 16 C. J., 1080, Note 79; 16 C. J., 1096, Note 48; 115 S. E., 748. *Competency of juror:* 24 Cyc., 350, Sec. D; 34 S. C., 16. *Court cannot correct error of fact:* 123 S. E., 765; 120 S. E., 359. *Irregularity in writ of venire, drawing jury, etc.:* Code, 1922, Sec. 850, 561; 64 S. E., 386; 2 Hill 379; Vol. 3, Whart. Crim. Proc. 2266; 68 S. C., 494; 75 S. E., 449; 75 S. C., 285. *New trial:* 82 S. C., 341; 81 S. C., 373; 100 S. C., 248; 11 Rich., 581; Harper 90; 77 S. C., 248.

December 31, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The defendant was indicted and tried in the county court of Greenwood County upon the charge of manufacturing whiskey. At the close of the testimony the defendant moved for a directed verdict upon the ground that there was no testimony to go to the jury to support a verdict against him. The motion was refused, the jury rendered a verdict of guilty, and the defendant was sentenced to 12 months' imprisonment. From the judgment and sentence he appealed to the Circuit Court which dismissed the appeal, and now appeals to this Court from the judgment of the Circuit Court.

The exceptions raise several questions which we do not deem it necessary to discuss in view of our conclusion as to the exception assigning error in the refusal of the county court to direct a verdict in favor of the defendant.

The circumstances of the case were as follows:

The officers of the law had located a still near Coronaca, in Greenwood County, about 12 miles from the home of the defendant; on the morning of January 11, 1923, between 11 and 12 o'clock, the Sheriff of the county, accompanied by the mayor of Coronaca and two other white men, approached the place where the still was, and found it in full blast; they saw two white men and a negro working at the still; one of the white men was a rather large man, wearing a heavy McIntosh coat; the other white man was a small man, in his shirt sleeves; all three ran as the raiding party approached; neither the Sheriff nor any one of the party recognized the defendant as one of the men who ran away from the still; a coat and sweater were found at the place; the coat had on the inside the tailored initials "J. D. K.," and laundry marks "J. M. K.," and "J. K."; the white man in white shirt was about the size of the defendant.

Practically the only circumstance to connect the defendant with the operation was the coat with his initials upon it.

Although the defendant lived 12 miles from the still, on the opposite side of the city of Greenwood from it, no witness located him going to or coming from the direction of Coronaca. The Sheriff had known the defendant "for six or seven years, and probably longer"; the admitted implication of the defendant in other liquor transactions indicates an intimate acquaintance with the Sheriff; he not only failed to recognize him, but identified the shirt-sleeve fugitive as another man. One of the others of the raiding party had known the defendant two or three years, and, although they had a full view of the operators at work around the still before the game was flushed, not one of them identified the defendant.

Not a single other circumstance, with the exception of the very weak testimony of one witness that there was not "much difference in the size," connects the defendant with the crime. Considering, then, that the State's case rested upon the single circumstance of the initialed coat, we do not think that evidence measured up to the standard of circumstantial evidence, that it must "point so conclusively to guilt as to exclude every other reasonable hypothesis." *State v. Wade,* 95 S. C., 387; 79 S. E., 106

We are not influenced by the explanation made by the defendant of the initialed coat, which he admits at one time belonged to him; but it certainly presented a "reasonable hypothesis" consistent with his innocence, which made the circumstance unreliable as the basis of a conviction.

Under rule 27 this Court, in reversing an order refusing to direct a verdict, exercises its discretion in either remanding the case for such direction, or for a new trial, and in the case of a palpable defect in the State's case, in the interest of the administration of justice, the latter course is to be preferred.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded

to that Court, with directions to sustain the appeal of the defendant from the judgment of the County Court, and to remand the case to that Court for a new trial.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE MARION (dissenting): I am unable to concur in the conclusion reached by the majority for two reasons:

(1) If there was any competent circumstantial evidence tending to establish defendant's guilt, its weight, force, and effect were for the jury, and it was the function and duty of the jury, and not of the Court, to determine whether such circumstantial evidence measured up to the prescribed legal standard of excluding every reasonable hypothesis of innocence. That proposition has been very clearly laid down in the very recent decisions of *State v. Rodd* (*S. C.*), 120 S. E., 359, and *State v. Rush* (*S. C.*), 123 S. E., 765.

(2) Conceding that it is a judicial function, the discharge of which need not involve any usurpation of jury functions, to determine, when properly raised, the question whether the evidence as a whole is reasonably susceptible of a certain inference or finding, and that in the discharge of that duty the Court may properly take into consideration the standard prescribed for measuring the force of circumstantial evidence, I am of the opinion that in the case at bar the trial Judge committed no error. The problem for solution by the trial Judge depended upon the answer to two inquiries: (1) Was there any competent evidence tending to establish guilt? (2) If so, was there room in the evidence for unbiased minds of ordinary intelligence reasonably to differ in regard to the guilt or innocence of the accused? I think the trial Judge, who has always the better opportunity to determine any matter dependable upon human testimony, soundly answered both the foregoing inquiries in the affirmative by submitting the case to the jury, and that his action in so doing should not be held for error of law.