## 11958

### STATE v. PHILLIPS

#### (132 S. E., 610)

1. INTOXICATING LIQUORS.—Evidence relative to defendant's receiving and having intoxicating liquor in possession *held* insufficient for submission to jury.

2. CRIMINAL LAW—SUPREME COURT IN REVERSING ORDER REFUSING TO DIRECT VERDICT FOR DEFENDANT IN CRIMINAL PROSECUTION, EXERCISES ITS DISCRETION IN REMANDING CASE FOR SUCH DIRECTION OR FOR NEW TRIAL, AND WILL ORDER NEW TRIAL FOR PALPABLE DEFECT IN STATE'S CASE.—Under Supreme Court Rule 27, Supreme Court in reversing order refusing to direct verdict for defendant in criminal prosecution exercises its discretion in either remanding case for such direction or for new trial, and in case of palpable defect in State's case, in interest of administration of justice, latter course is preferred.

Before SEASE, J., Cherokee. · Summer Term, 1925.

D. C. Phillips was convicted of violating the prohibition law, and he appeals.

*Mr. G. W. Speer,* for appellant, cites: *No evidence to support conviction:* 126 S. E., 765; 124 S. E., 337; 125 S. E., 922; 128 S. E., 409.

*Mr. I. C. Blackwood, Solicitor,* for the State.

April 14, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

The defendant was tried and convicted on the charge of

receiving and having in possession intoxicating liquors, and was sentenced by his Honor, Judge Sease, to 3 months' imprisonment or to pay a fine of $600.00.

At the close of the testimony, counsel for the defendant moved for a directed verdict on the ground that there was no evidence connecting the defendant with the whiskey and with the pieces of the still which the officers had found in his neighborhood. This motion was refused. After the verdict and before the sentence, a motion was made for a new trial on the ground that the testimony was not sufficient to sustain a judgment. This motion was also refused.

The defendant comes to this Court on two exceptions, imputing error to the Circuit Judge in refusing to direct a verdict and in refusing to grant the motion for a new trial.

The testimony shows that the defendant is an old man, 75 years of age, with defective eyesight; that on March 23, 1925, officers went into a woods a short distance from his home, where they found some pieces of a still and several drunk Negroes; that later they searched the premises of the defendant and found buried in his garden, which was across the road from his house, five quarts of whiskey. The fact of the whiskey being found buried in the defendant's garden, and the statement of the officers that he said, "It took you a long time to find it," were practically the only circumstances upon which he was convicted.

The evidence was insufficient upon which to submit
1, 2 the case to the jury, and a new trial should have been granted. *State v. Klugh,* 125 S. E., 922; 130 S. C., 160. *State v. Brock* (S. C.), 126 S. E., 765. In the case of *State v. Klugh, supra,* the Court said:

"Under Rule 27, this Court, in reversing an order refusing to direct a verdict, exercises its discretion in either remanding the case for such direction, or for a new trial, and, in the case of a palpable defect in the State's case, in the interest of the administration of justice, the latter course is to be preferred."

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.

MESSRS. JUSTICES WATTS, COTHRAN and BLEASE concur.

MR. CHIEF JUSTICE GARY did not participate.