# 318

# The State v. Kennedy

## 12372

## THE STATE v. KENNEDY

(141 S. E., 559)

1. HOMICIDE—DETAILS OF PREVIOUS DIFFICULTY ARE INADMISSIBLE, IN PROSECUTION FOR ASSAULT WITH INTENT TO KILL, THOUGH TESTIMONY MAY SHOW FACT.—In prosecution for assault and battery with intent to kill, details of any previous difficulty are inadmissible, though testimony showing fact of previous difficulty is proper.

2. CRIMINAL LAW—STATE WAS PROPERLY PERMITTED TO INTRODUCE TESTIMONY OF PREVIOUS DIFFICULTIES AFTER DEFENDANT HAD FIRST ELICITED TESTIMONY THEREOF.—Where, in prosecution for assault and battery with intent to kill, defendant, on cross-examination, elicited testimony as to details of previous difficulties in attempt to imply that defendant was not the wrongdoer, State, on redirect examination, was properly permitted by testimony along the same line to combat defendant's theory.

3. CRIMINAL LAW—UNCALLED FOR PERSONAL ABUSE OF WITNESS BY COUNSEL IS OBJECTIONABLE.—Uncalled for personal abuse of a witness by counsel is objectionable, and will not be condoned or allowed by the Court.

4. CRIMINAL LAW—SOLICITOR'S QUESTION ON CROSS-EXAMINING DEFENDANT AS TO DEFENDANT'S HAVING UNCONSCIOUSLY TOLD TRUTH HELD NOT ERROR.—Questions by Solicitor on cross-examining defendant relative to defendant's having unconsciously told the truth *held* not to constitute error, in view of fact that matter after objection was not pursued further.

5. CRIMINAL LAW—INSTRUCTIONS, IN PROSECUTION FOR ASSAULT WITH INTENT TO KILL, THAT DEFENDANT AND PROSECUTING WITNESS WERE ENTITLED TO BE AT PLACE OF DIFFICULTY, HELD NOT CHARGE ON FACTS (CONST., ART. 5, § 26).—In prosecution for assault and battery with intent to kill, instruction to effect that both defendant and prosecuting witness were equally entitled to be at place where difficulty took place *held* not erroneous, as charge on the facts, in violation of Const., Art. 5, § 26, in view of evidence justifying such inference.

6. CRIMINAL LAW—REFUSAL OF INSTRUCTION ON LAW OF RETREAT AND RIGHT OF PERSON ATTACKED HELD NOT ERROR, IN VIEW OF INSTRUCTION GIVEN THEREON.—In prosecution for assault and battery with intent to kill refusal of requested instruction as to law of retreat and right of person attacked under plea of self-defense *held* not error, in view of charge thereon given by Court.

. Before GRIMBALL, J., Oconee, November, 1926. Affirmed.

J. F. Kennedy was convicted of assault and battery of a high and aggravated nature, and he appeals.

*Messrs. Herndon & Thompson,* for appellant, cite: *Evidence of previous hostile declarations and threats of prosecuting witness competent:* 12 Rich. L., 430; 43 S. C., 52; 68 S. C., 426; 72 S. C., 204; 89 S. C., 228; 130 S. C., 364; 3 Lrans., 525; L. R. A., 1916-A, 1246; 93 U. S., 465. *Evidence of prior difficulty admissible but details inadmissible:* 68 S. C., 421; 112 S. C., 43; 125 S. C., 388. *Admission of illegal evidence over objection necessitates reversal:* 156 U. S., 380; 130 S. C., 344; 117 S. C., 51; 92 S. C., 260; 118 S. C., 366; 120 S. C., 285. *Error for Solicitor during the examination of defendant, by innuendo to reflect on the veracity of defendant:* 26 S. C., 118; 118 S. C., 367; 4 A. L. R., 414; L. R. A., 1918-D, 20; 153 S. W., 125; 138 S. W., 1025; 138 S. C., 96; Wellman, Art of Cross-Exam. (1927 Ed.), 174; 50 N. W., 384; 4 A. L. R., 418. *"Self-defense":* 2 R. C. L., 550; 13 R. C. L., 820; 33 S. C., 98; 30 L. R. A., 403; 2 L. R. A. (N. S.), 68; 13 R. C. L., 827.

*Solicitor L. W. Harris,* for respondent, cites: *Relevancy of testimony is in discretion of trial Judge:* 135 S. E., 882; 133 S. E., 533. *Defendant may testify as witness in a criminal case:* Sec. 97, Code Cr. Proc. *Assumes obligations and responsibilities of ordinary witness:* 1 S. E., 443. *An attorney has the right to express his views upon or ask questions concerning any issue of the controversy, or inference thereupon sustained by the evidence:* 135 S. E., 635; 70 S. E., 811. *No charge on the facts here:* 11 S. E., 683; 120 S. E., 747; 133 S. E., 824; 115 S. E., 750; 65 S. E., 449; 70 S. E., 162; 66 S. E., 1042; 30 C. J., 72, Sec. 245; 60 S. E., 686; 56 S. E., 789; 67 S. E., 466; 124 S. E., 648. *"Self-defense":* 120 S. E., 240; 70 S. E., 310; 107 S. E.,

147; 35 S. E., 267; 11 S. E., 682; 51 S. E., 688; 64 S. E., 600.

February 9, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

Upon an indictment charging him with assault and battery with intent to kill one W. L. Smith, the defendant, Kennedy, was tried at the November, 1926, term of Court of General Sessions for Oconee County, and found guilty of assault and battery of a high and aggravated nature. He appeals and imputes error to the trial Judge in the following particulars: (1) In the admission of certain testimony; (2) in permitting the Solicitor, when cross-examining the defendant, to reflect, by insinuation, upon the defendant's veracity; (3) in charging upon the facts in violation of the Constitution (Article 5, § 26); and (4) in refusing to charge the defendant's second request, and in failing to declare the law applicable to the case.

Kennedy, as the record discloses, was assistant overseer in the weaving department of a cotton mill of the Courtenay Manufacturing Company at Newry, S. C.; Smith, who was under Kennedy, was employed as a weaver in that department. As assistant overseer, it was Kennedy's duty to mark up and give credit to the weavers for the work done, and to speak to any employee under him regarding any loss of time, and to report him for any such delinquency. The testimony tends to show that, prior to the difficulty between Kennedy and Smith, Smith had been tardy several times in reporting for work, and that Kennedy, in the line of his duty, spoke to him about it, which Smith apparently resented. Kennedy finally reported the matter to Mattison, the overseer in charge of the weave room, who was over both Kennedy and Smith. Mattison, as he says, in order to adjust the matter, called Smith and

Kennedy into the tower room for a conference. After some conversation between Mattison and Smith, in which it is claimed Smith applied a vile epithet to Mattison and Kennedy, a fight ensued, resulting in Smith being severely cut with a knife, for which Kennedy was indicted, tried, and convicted.

On trial of the case, when Smith was on the stand, the Solicitor asked him whether there had not been some differences between him and Kennedy prior to the final difficulty. He replied that there had been. On cross-examination of Smith, appellant's counsel went into details of these previous differences and brought out testimony as to what Smith said to Kennedy on these occasions, whether he had been tardy or not, etc., and whether these certain things had led up to the difficulty or were the cause of it. On re-direct examination of Smith, the Court, over the appellant's objection, allowed the Solicitor to question the witness along the same lines, especially with regard to the marking short by the defendant of cloth woven by Smith and to the manner in which Kennedy had performed his work in the mill. These questions and the answers thereto are made the basis of the first ground of imputed error.

The appellant contends that in admitting this testimony the Court committed reversible error, in that it allowed the witness to give details of a transaction with a third person and to refer to the conduct of a person other than the defendant, the only purpose of the examination by defendant's counsel of the prosecuting witness having been to prove hostile declarations and threats by him against the defendant, which was competent to be done.

It is true, as contended by the appellant, that while the admission of testimony showing the fact of a previous difficulty is proper, the details of any such difficulty are inadmissible in evidence. *State v. Williams,* 125 S. C., 385; 118 S. E., 783. *State v. Evans,* 112 S. C.,

43; 99 S. E., 751. *State v. Adams,* 68 S. C., 421; 47 S. E., 676. *State v. Abercrombie,* 130 S. C., 358; 126 S. E., 142.

But in the present case the appellant himself first elicited testimony as to details of previous difficulties. Whatever may have been the moving purpose of appellant's counsel in his examination of Smith with regard to former difficulties between Smith and Kennedy, the scope and method of such examination resulted in more than the mere showing of the mental attitude of the parties or of hostile declarations and threats made by the witness against Kennedy. Counsel went into details of previous difficulties between the two men, asking the witness questions which clearly implied that Smith was the wrongdoer in those difficulties. The testimony then brought out by the Solicitor on re-direct examination was along the same line, tended to combat the appellant's theory, and was in response to that elicited by the appellant from the same witness. Under these circumstances, it was not improper or error for the Circuit Judge to allow the Solicitor to examine the witness as indicated.

As to the second ground of imputed error: Smith, the prosecuting witness, testified that, when spoken to by Kennedy about being tardy, he had called to Kennedy's attention the fact that Kennedy's son was also guilty of the same thing. The Solicitor, in his cross-examination of Kennedy, asked him this question, "The other thing that you had it in for Smith for was because you went after Smith for not being on his job, and he accused you of your own boy being late, and he went to Mattison over your head with it, didn't he?" to which Kennedy replied, "Not about being late." A few moments later, in the course of the examination, the following occurred:

"Q. He (Smith) came out there, and when you jumped on him about being late, he replied that your son was also

late? A. And him (the son) laying over there on his work right then?

"Q. You have unconsciously told us the truth. You unconsciously tell us the truth—"

Counsel for appellant contends that the above incomplete question by the Solicitor contains an innuendo that appellant would not consciously tell the truth, and, expressed before the jury as the opinion of the State's prosecuting officer, was prejudicial to the appellant.

As has been seen, the Solicitor on cross-examination of Kennedy, suggested that Smith's reporting to Mattison that Kennedy's son had been tardy was one of the reasons why Kennedy was "after" Smith, which Kennedy denied. He then questioned Kennedy further about the matter, and appears to have construed Kennedy's answer to mean that Kennedy admittedly knew that his son had been tardy, which fact the Solicitor thought Kennedy had previously denied; and it was then that the remark, in form of the incomplete question, was made by the Solicitor, which the appellant claims was prejudicial to him. On objection, however, the matter was dropped and the question was never completed.

It is true, as contended by the appellant, that uncalled for personal abuse of a witness by counsel 3, 4 is objectionable and will not be condoned or allowed by the Court. Still, in view of the testimony that had been elicited from the witness on the point in question, and in view of the fact that the matter, after objection was interposed by appellant's counsel, was not pursued further, it is clear that what did happen was not prejudicial to the appellant.

By his fourth exception, the appellant alleges that the trial Judge erred in charging the jury as follows:

"And I charge you in this case that, from the facts of this case, the two persons were equally entitled to be at the place where the difficulty took place."

The contention is that Smith had been ordered to leave the mill premises, and as he did not do so, one of the issues in the case was whether he was not a trespasser, and that the Court could not say, as a matter of law, that he was not, and that the charge objected to was a charge upon the facts in violation of the Constitution.

Both Smith and Kennedy were employees of the mill company. The testimony shows that the dismissal of Smith—if the remarks addressed to him could be construed as a dismissal—and the difficulty between him and Kennedy occurred practically at the same time. In view of this fact, the trial Court properly held that the only inference that could be drawn from the testimony was that they were both equally entitled, at the moment of the difficulty, to be where they were.

The appellant's fourth ground of imputed error is raised by his fifth and sixth exceptions. The Court's refusal to charge appellant's second request is made the basis of the fifth exception. The appellant sought by this request to have the Court charge, under his plea of self-defense, the law as to retreat, and the right of a person attacked, if such person is without fault in bringing on the difficulty, to act upon apparent danger and repel force by force in defense of his person. The assignment of error by the sixth exception is to the effect that the trial Judge did not charge as fully the law of self-defense as appellant was entitled to under the facts of the case.

The fifth exception is without merit. The Court charged the jury that, under the facts of the case, the appellant, to establish his plea of self-defense, was not required to make out the element of retreat, as, at the time the difficulty occurred between him and Smith,

the appellant was where he had a right to be. The Court also charged the jury that a person when assaulted has the right, where the circumstances are such as would warrant a man of ordinary prudence, courage, and firmness in striking a blow in order to save himself from serious bodily harm or from losing his life, to act upon apparent danger and to repel force with force in defense of his person or his life.

As to error assigned by the sixth exception: The charge of the trial Judge, when considered as a whole, adequately stated the law as to self-defense under the issues made by the evidence, and was as favorable to the defendant as he could expect or demand.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and CARTER, and MR. ACTING ASSOCIATE JUSTICE J. WM. THURMOND concur.