16593

## TOWN OF NORTH AUGUSTA v. FENNELL
### (69 S. E. (2d) 121)

*Messrs. Williams & Busbee,* of Aiken, *for Appellant,* cite:

*Messrs. B. D. Carter, Solicitor,* of Bamberg, and *Thurmond, Lybrand & Simons,* of Aiken, *for Respondent,* cite:

February 13, 1952.

FISHBURNE, Justice.

The appellant was convicted in the municipal court of the Town of North Augusta, upon a warrant duly issued, which charged him with driving an automobile while under the influence of an intoxicant, in violation of an ordinance in such case made and provided. A jury was drawn and empaneled on demand of appellant, and by agreement the testimony offered at the trial was taken down in longhand by the chief of police.

Error is assigned because the circuit court, upon his appeal, remanded the case for a new trial instead of dismissing it as prayed for by him. It is argued that there was no evidence to establish the guilt of appellant, and that a verdict

of not guilty should have been directed. This position is taken despite the fact that no motion of this character was made before the mayor.

In the order of the lower court remanding the case to the municipal court for a new trial, reference is made to the short and meager record in the case; and the court held that the evidence as reported was not sufficient to sustain a conviction of driving an automobile while under the influence of an intoxicant. For this reason and one other, the judgment of conviction was set aside and a new trial ordered.

Our statute, Code 1942, Section 804, provides that upon hearing an appeal from an inferior court, the appellate court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits. And under Section 952(6), such appeal to the court of general sessions shall be heard upon the report of the presiding officer of the trial below, and upon the testimony reported by him.

We have in many cases waived the failure of an accused to make a motion for a directed verdict. *State v. Parler,* 217 S. C. 24, 59 S. E. (2d) 489; *State v. Lyles,* 211 S. C. 334, 45 S. E. (2d) 181; *State v. Stevens,* 116 S. C. 210, 107 S. E. 906. In other cases the failure to make such motion in due time has not been waived. *State v. Webber,* 142 S. C. 69, 140, S. E. 250; *State v. Jackson,* 122 S. C. 493, 115 S. E. 750.

However, even if appellant had moved before the mayor for a directed verdict upon the ground that there was not sufficient testimony to go to the jury to support a verdict against him, this would not sustain his present contention.

It was held in *State v. Klugh,* 130 S. C. 160, 125 S. E. 922, 923, that it was discretionary with the court to remand the case for a directed verdict or for a new trial. "And in the case of a palpable defect in the state's case, in the interest of the administration of justice, the latter course is to be preferred."

A similar holding was made in the case of *McKinley Music Co. v. Glymph,* 100 S. C. 200, 84 S. E. 715, 716, which started in a magistrate court, and upon appeal was reversed and a new trial ordered by the circuit court. In its opinion, this court stated: "The circuit court also granted the order for 'other reasons' not specified. The court was manifestly not satisfied to render a final judgment for either party upon the testimony which was before the court. The testimony as presented here is far from satisfactory. If the circuit court was unwilling to render a final judgment on the record as presented to the court, it was a just exercise of its power to order the case retried."

And to the same effect is *State v. Phillips,* 134 S. C. 226, 132 S. E. 610.

The record shows that the testimony in this case was written in longhand by the chief of police, is in the most abbreviated form, and comprises only a page and a half. And under the authorities above cited, in the exercise of his discretion, the circuit court was entirely justified in remanding the case for a new trial.

It is also argued that the court erred in failing to dismiss the case, because the verdict of the jury was not written or endorsed on the warrant.

When the jury returned to the court room, the verdict of guilty was delivered orally by the foreman, whereupon the mayor, addressing the jury, asked them if their verdict was that of "Guilty." All of the jurors promptly answered in the affirmative. This verdict was rendered in open court, and appellant, who was represented by his present counsel, raised no question or objection about the verdict's not being reduced to writing.

In accordance with the common-law practice, a legal verdict implies a published verdict, delivered orally in court. 53 Am. Jur., Sec. 109, Page 700. And as stated in 23 C. J. S., Criminal Law, § 1394, page 1074, "In the absence of statute

it is not essential to the validity of a verdict that it should be written; the jury may announce it to the court by word of mouth. However, it is proper for the jury to put their verdict in writing, and in some jurisdictions it is required by statute that the verdict shall be reduced to writing, although it has been held that such a statute is directory and that, notwithstanding the statute, an oral verdict is not necessarily void."

As announced in *State v. Waring,* 109 S. C. 52, 95 S. E. 143, we have no statute in this state or rule of court changing the common-law rule that verdicts in criminal cases may be oral. The foregoing case, *State v. Waring,* is cited with approval in *State v. Bilton,* 156 S. C. 324, 153 S. E. 269.

> A verdict of a jury orally presented in open court, properly published and assented to by the jury, is legal and binding, although not in writing.

While we have no statute requiring that a verdict rendered by a jury should be written or endorsed on the warrant or indictment, the practice invariably followed in this state is to have the verdict written on the indictment and signed by the foreman. And in order to avoid any misapprehension. it might be well for us to say here that we certainly do not advise or advocate a departure from our settled custom.

> Appellant complains that a new trial would amount to placing him in double jeopardy for the same offense. There is no merit in this contention. It has been held in cases too numerous to cite, that where, either for want of jurisdiction or for some error in the course of the proceedings, the verdict has been set aside on appeal instituted by the defendant, and he has been tried again, he was not thereby put in jeopardy a second time; and his constitutional rights were not abridged. *State v. Stephens,* 13 S. C. 285; 15 Am. Jur., Sec. 427, Page 91; 22 C. J. S., Criminal Law, § 273, page 410.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.